UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET D. CONNER,<br>　　　　Plaintiff,<br>　　v.<br>CAROLYN W. COLVIN,<br>　　　　Defendant. | Case No. 13-cv-03324-KAW<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br>Re: Dkt. No. 44 |

Plaintiff Janet D. Conner brought this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). The Court granted Plaintiff's motion for summary judgment and remanded the case for further proceedings. (Summary Judgment Ord., Dkt. No. 23.) Plaintiff's counsel, Harvey P. Sackett, now brings a motion for attorney's fees under 42 U.S.C. § 406(b), seeking an award of $17,746.00 in fees, payable to Mr. Sackett. (Pl's. Mot., Dkt. No. 44.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b) and VACATES the hearing currently set for October 6, 2016. Having considered the papers filed by the parties and the relevant legal authority, the Court GRANTS the motion, for the reasons set forth below.

## I.　BACKGROUND

### A.　Factual background

Plaintiff filed a Title II application for Social Security Disability Insurance Benefits ("DIB") on January 22, 2010, and a Title XVI application for Supplemental Security Income ("SSI") on January 27, 2010. (Summary Judgment Ord. at 1.) Plaintiff alleged that she became disabled on June 30, 2007, due to right knee pain, hand pain, back pain, and high blood pressure. (*Id.*) The Social Security Administration ("SSA") denied her applications, and Plaintiff requested

1   a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 1-2.)

2   At the hearing, Plaintiff testified that she had sustained a knee injury, which resulted in two
3   surgeries and therapy, but continued to cause her "dull throbbing pain all the time." (*Id.* at 2-3.)
4   Plaintiff also testified that she has been diagnosed with sciatic nerve, arthritis, and depression, has
5   problems with concentration and focus as a result of her pain medication, and can get bad
6   headaches, sweats, and trouble sleeping due to some of her medications. (*Id.* at 3.) A vocational
7   expert also testified. (*Id.* at 4-5.) The ALJ ultimately issued an unfavorable decision, finding that
8   Plaintiff had the residual functional capacity to carry 20 pounds occasionally and 10 pounds
9   frequently, stand and walk for four hours in an eight-hour workday, sit for six hours in an eight-
10  hour workday, and push and pull devices up to 20 pounds. (*Id.* at 5-6.) In coming to this
11  determination, the ALJ placed great weight on the opinion of Dr. Rana, a consultative examiner,
12  and some weight to Dr. Charles (who had examined Plaintiff on two occasions), to the extent
13  consistent with Dr. Rana's opinion (*Id.* at 6-7.) The ALJ placed little weight on the opinions of
14  Dr. Young, one of Plaintiff's treating physicians, and Dr. Krinsky, who performed Plaintiff's knee
15  surgeries. (*Id.* at 7.) The ALJ explained that Dr. Krinsky's progress notes were inconsistent with
16  his assessment of Plaintiff, but did not give any reasons for placing little weight on Dr. Young's
17  opinion other than stating that his opinion was based primarily on Plaintiff's "subjective
18  complaints." (*Id.* at 8.) The ALJ concluded that Plaintiff's medical impairments did not preclude
19  her from performing her past relevant work, and that Plaintiff had not been under a disability. (*Id.*
20  at 9.) The Appeals Court denied review of the ALJ's unfavorable decision, and the ALJ's decision
21  became the final decision of the Commissioner. (*Id.*)

22  **B.   Procedural history**

23  Plaintiff filed her suit on July 17, 2013. (Dkt. No. 1.) After the parties filed cross-motions
24  for summary judgment, the Court granted Plaintiff's motion for summary judgment and denied
25  Defendant's motion for summary judgment on September 10, 2014. (Summary Judgment Ord. at
26  1.) The Court found that the ALJ had erred when she placed little weight on Dr. Young's opinion
27  without specific and legitimate reasons supported by substantial evidence in the record. (*Id.* at
28  10.) The Court also concluded that the ALJ had erred in giving Dr. Rana's opinion outcome-

determinative weight. (*Id.* at 11.) Based on these errors, the Court remanded the case for further proceedings. (*Id.* at 12.)

On October 6, 2014, Plaintiff filed a motion to alter the judgment, requesting that the Court reverse the ALJ's decision and remand the case for immediate payment of benefits. (Dkt. No. 26.) On December 12, 2014, the Court granted Plaintiff's motion and remanded the case for calculation and payment of benefits. (Dkt. No. 33.) On January 9, 2015, the Commissioner filed its own motion to alter the judgment, requesting that the Court remand the case for further administrative proceedings. (Dkt. No. 35.) On March 24, 2015, the Court granted the Commissioner's motion, and remanded the case for further proceedings, consistent with the summary judgment order. (Dkt. No. 38.)

On April 24, 2015, Plaintiff filed a motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). (Dkt. No. 40.) The Court denied the motion without prejudice, requiring the parties to meet and confer. (Dkt. No. 41.) The parties subsequently stipulated for the payment of EAJA attorney's fees and costs in the amount of $6,300. (Dkt. Nos. 42, 43.) Plaintiff's counsel did not receive the EAJA payment because there was a treasury offset as Plaintiff owed an outstanding federal debt. (Pl's. Mot., Exh. D.)

On June 7, 2016, the SSA issued a fully favorable decision, finding that Plaintiff was disabled from August 14, 2008 through the date of the decision. (Pl's. Mot., Exh. A.) The SSA awarded past-due Social Security benefits of $94,987.60 for February 2009 through May 2016. (Pl's. Mot., Exh. B at 4.)

On July 14, 2016, Plaintiff's counsel filed a motion for attorney's fees, seeking $17,746.00 pursuant to a contingent fee agreement with Plaintiff that permitted Plaintiff's counsel to seek 25% of past-due benefits for work performed before the SSA and the courts. (Pl's. Mot. at 2; *see also* Pl's. Mot., Exh. C.) The Commissioner filed a response on July 28, 2016, taking no position on the reasonableness of the request. (Def.'s Resp. at 5, Dkt. No. 46.) No reply was filed.

## II. LEGAL STANDARD

42 U.S.C. § 406 governs the award of attorney's fees in social security cases. 42 U.S.C. § 406(b) governs fees for the representation of a claimant before the court, which is not to exceed

3

"25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A).  When reviewing a motion for attorney's fees, the Court begins its analysis "by looking first to the contingent-fee agreement, then testing it for reasonableness." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  In assessing the reasonableness of the fee agreement, the Court considers "'the character of the representation and the results the representative achieved.'"  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808).  Thus, the Court may apply a downward adjustment in the event of "substandard performance, delay, or benefits that are not in proportion to the time spent on the case."  *Id.*  While the Court is not to start with a lodestar analysis, it may use the lodestar analysis as an aid (but not a baseline) to assess the reasonableness of the fee.  *Id.*

### III.   DISCUSSION

Plaintiff signed a contingent fee agreement that allowed Plaintiff's counsel to recover "a fee no greater than 25% of the past-due benefits owed" for representation before both the administration and the courts.  (Mot., Exh. C at 1.)  Plaintiff's counsel seeks $17,746.00, or approximately 18.7% of the $94,987.60 awarded to Plaintiff in past-due benefits.

The Court finds that the amount sought by Plaintiff's counsel is reasonable.  First, the results obtained by Plaintiff's counsel were good, as the Court granted Plaintiff's motion for summary judgment and remanded the case to the SSA, where Plaintiff ultimately received a "fully favorable decision." (*See* Mot., Exh. A.)  Second, the record reveals no undue delay or substandard performance that would warrant a downward adjustment.  Third, the amount sought is below the cap set by Congress in § 406(b), and is not disproportionate to the time spent by Plaintiff's counsel in this action.  Plaintiff's counsel spent 49.25 attorney hours on this case, representing an effective rate of $360.32/hour.  (*See* Mot., Exh. F.)  This rate is comparable to that awarded in other social security cases in this district.  *Compare with Lopez v. Astrue*, No. C 07-2649 PJH, 2011 WL 196885, at *4 (N.D. Cal. Jan. 20, 2011) (finding reasonable a $14,778 award for 33.45 hours of attorney work, an effective rate of $441.79/hour); *Cunningham v. Astrue*, 10-cv-4313-LB, 2015 WL 6694097, at *2-3 (N.D. Cal. Nov. 3, 2015) (finding reasonable a $18,742.50 award for 43 hours of attorney work, an effective rate of $435.86).

The Court also finds that it is not necessary to deduct the EAJA award from the $17,746.00 sought by Plaintiff's counsel. In general, the Court must offset the § 406(b) attorney's fee award by any EAJA fee award. *Gisbrecht*, 535 U.S. at 796. This was to "'prevent attorneys from receiving double recovery under both the EAJA and § 406(b).'" *Boissiere v. Astrue*, No. C-09-02081 JCS, 2011 WL 1045170, at *4 (N.D. Cal. Mar. 22, 2011) (quoting *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010)). In *Boissiere*, the district court concluded that where an EAJA award was not paid to counsel, "no offset is required because the plain language of the [EAJA] requires a refund only where an award has '*received* fees for the same work.'" *Id.* (quoting 28 U.S.C. § 2412); *see also Martel v. Colvin*, No. CV 11-2961-CRB, 2015 WL 433505, at *1 n.2 (N.D. Cal. Jan. 30, 2015) ("If the EAJA award did *not* go to counsel, then an offset is not required, as counsel would not have received fees for the same work") (internal quotation omitted). In the instant case, although the Court awarded $6,300 in attorney's fees under the EAJA, Plaintiff's counsel apparently did not receive that amount because the Department of Treasury determined that Plaintiff owed an outstanding federal debt. (Mot., Exh. D.) The Court therefore concludes that Plaintiff's counsel "is entitled to the full amount of his fees under § 406(b), unless Plaintiff has paid any of the EAJA fee award over to [counsel] as of the date of this order, in which case, such amount must be refunded to Plaintiff." *Boissiere*, 2011 WL 1045170, at *4.

## IV.   CONCLUSION

For the reasons stated above, the motion is GRANTED. The Court awards $17,746.00 in attorney's fees under 42 U.S.C. § 406(b), to be paid to Plaintiff's counsel. Plaintiff's counsel must refund to Plaintiff any amount of the EAJA award that was paid to Counsel by Plaintiff.

IT IS SO ORDERED.

Dated: October 3, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge